# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELDA WILSON, | CASE NO. 1:10-CV-01086-DLB PC |
| Plaintiff, | ORDER WITHDRAWING AUGUST 24, 2010 ORDER DISMISSING ACTION |
| v. | (DOC. 5) |
| R. PERKINSON, et al., | |
| Defendants. | |

_____/

Plaintiff Helda Wilson, a California state prisoner proceeding pro se, filed this civil action on June 16, 2010. Plaintiff did not pay the $350.00 filing fee in full or file an application to proceed in forma pauperis, and on June 17, 2010, the undersigned ordered Plaintiff to do so within forty-five days. Plaintiff did not comply with the order. On August 24, 2010, the undersigned issued an order dismissing the action without prejudice for failure to pay the filing fee or to file an application to proceed in forma pauperis, and judgment was entered accordingly. Docs. 5, 6. Plaintiff appealed this order to the United States Court of Appeals for the Ninth Circuit.

On November 29, 2011, the Ninth Circuit issued a memorandum, remanding to the Court for the limited purpose of determining whether Plaintiff had consented to magistrate judge jurisdiction prior to the issuance of the Court's August 24, 2010 Order. Doc. 19.

A review of the court docket indicates that no such consent form was filed with the Court. Accordingly, the undersigned's August 24, 2010 Order was issued without proper jurisdiction,

1

and will be withdrawn.  The undersigned will issue Findings and Recommendations separately regarding Plaintiff's failure to comply with the Court's June 17, 2010 Order.[1]

    Accordingly, it is HEREBY ORDERED that:

1. The Court's August 24, 2010 Order is withdrawn; and
2. The Clerk of the Court is directed to randomly assign a district judge to this action as presiding judge.

IT IS SO ORDERED.

**Dated:   January 9, 2012**              /s/ **Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Because the Court issued the August 17, 2010 Order without jurisdiction, it appears that the Ninth Circuit lacks appellate jurisdiction.  *See Nasca v. Peoplesoft (In re Nasca)*, 160 F.3d 578, 580 (9th Cir. 1999).